IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF GRACE KNIGHT, DECEASED, BY SARAH RUCKER, EXECUTOR<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH 44114<br><br>　　　　　　　Plaintiff<br><br>　vs.<br><br>UNITED STATES OF AMERICA<br>c/o Michelle M. Baeppler, First Assistant U.S. Attorney for the Northern District of Ohio<br>801 W. Superior Ave., #400<br>Cleveland, OH 44113<br><br>　　　　　　　Defendant. | CASE NO. 1:22-cv-1426<br><br>JUDGE<br><br><br><br><br>**COMPLAINT** |

Plaintiff, the Estate of Grace Knight, Deceased, by and through its Executor and undersigned counsel, files its Complaint against the above-captioned Defendants and states and avers as follows:

**INTRODUCTION**

1. Sarah Rucker is the duly appointed Executor of the Estate of Grace Knight, Deceased, Lorain County Probate Case No. 2020 ES 01053.

2. Plaintiff brings this action for medical negligence and wrongful death against Defendant, the United States of America, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C

So

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under a law of the United States, namely the FTCA, 28 U.S.C § 1346(b)(1).

4. Venue is proper in this district pursuant to 28 U.S.C. § 13971(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PROCEDURAL HISTORY

5. On September 14, 2021, Plaintiff filed a Complaint with Affidavit of Merit attached in the Cuyahoga County Court of Common Pleas against Lorain County Health & Dentistry, Edward Cornett, D.O., and Jennifer Casey, M.D., Case No. CV 21 953061.

6. Lorain County Health & Dentistry ("LCHD") is a medical corporation licensed to do business in the state of Ohio with its principal place of business located in Lorain County.

7. LCHD holds itself out to the public as offering medical services at multiple clinic sites throughout Lorain County.

8. Edward Cornett, D.O. is a physician licensed to practice medicine in Ohio, residing in Cuyahoga County.

9. Jennifer Casey, M.D. is a physician licensed to practice medicine in Ohio.

10. Counsel for the defendants named in Case No. CV 21 953061 requested additional time to respond to the Complaint.

11. On December 9, 2021, the United States of America filed a Notice of Removal indicating that the defendants named in Cuyahoga County Case No. CV 21 953061 were deemed to be employees of a Public Health Service under the Federally Supported Health Care Centers Assistance Act, 42 U.S.C. § 233(a)-(n). Doc. 1 at ¶¶ 2-3, Case No. 1:21-CV-2309.

12. Also on December 9, 2021, the United States of America filed a Notice of Substitution, substituting itself, by operation of law, for LCHD, Edward Cornett, D.O., and Jennifer Casey, M.D., the defendants named in Cuyahoga County Case No. CV 21 953061. *See* Doc. 3.

13. As certified by the Honorable Bridget M. Brennan, then United States Attorney for the Northern District of Ohio, at all times relevant herein, Edward Cornett, D.O., Jennifer Casey, M.D. and LCHD were acting within the course and scope of their employment for a federal Public Health Service. Doc. 3 at ¶¶ 2 and 5.

14. On December 10, 2021, Defendant, the United States of America, filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff had failed to exhaust administrative remedies under the FTCA before filing suit. *See* Doc. 4.

15. Upon notice that LCHD, Dr. Cornett, and Dr. Casey were, at all times relevant, deemed employees of a federal Public Health Service, and that the United States of America was substituting itself as Defendant for LCHD, Dr. Cornett, and Dr. Casey, on January 10, 2022, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice under Civil Rule 41(a)(1)(A)(i). Doc. 5.

16. On January 12, 2022, the Court entered an order dismissing Case No. 1:21-CV-2309 without prejudice. Doc. 6.

17. On February 7, 2022, Plaintiff, by and through counsel, presented a claim alleging medical negligence resulting in Grace Knight's untimely death to the United States Department of Health and Human Services ("HHS") on a Standard Form 95 Claim For Damage, Injury, Or Death form in accordance with 28 U.S.C. § 2675(a).

18. By letter dated March 3, 2022, HHS acknowledged receipt of Plaintiff's "valid administrative tort claim… in the Claims Office on February 7, 2022."

19. Neither HHS nor Defendant made any final disposition within six months after receiving Plaintiff's claim. Accordingly, per 28 U.S.C. § 2675(a), Plaintiff may deem the claim denied for purposes of filing this action.

**FACTS**

20. All claims against Edward Cornett, D.O., Jennifer Casey, M.D., and LCHD arising out of Plaintiff's Decedent's medical care and treatment, and lack thereof, are "deemed [to be] a tort action brought against the United States" under the FTCA, 28 U.S.C. § 233(c). Doc. 3 at ¶ 6. The FTCA is Plaintiff's exclusive remedy for said claims. *Id.*; 28 U.S.C. § 233(a).

21. Plaintiff's claims herein, alleging medical negligence and wrongful death against LSHD, Dr. Cornett, and Dr. Casey are properly brought as claims under the FTCA against Defendant, the United States.

22. Ms. Knight presented to and sought treatment from LCHD, including Dr. Cornett and Dr. Casey, on multiple occasions in October 2020, including for complaints of vomiting, diarrhea, flank pain, dark urine, dizziness, abdominal pain, and eventually shortness of breath.

23. Each time Ms. Knight presented to LCHD in October 2020, she was seen by Dr. Cornett, and, upon information and belief, on at least one visit, Dr. Casey was involved in Ms. Knight's care.

24. On October 5, 2020, Dr. Cornett ordered a urinalysis for Ms. Knight.

25. On October 6, 2020, Ms. Knight's urinalysis results, per a LabCorp lab results report, revealed evidence of and was positive for a urinary tract infection ("UTI").

26. Defendant and its employees and agents, including LCHD, Dr. Cornett, and Dr. Casey, and any other lower level providers involved, prescribed no antibiotics and otherwise failed to treat Ms. Knight's UTI following the results of the urinalysis, and failed to treat Ms. Knight's UTI over the course of multiple additional visits to LCHD in October 2020, despite continued symptoms and complaints consistent with an untreated and festering UTI.

27. On October 24, 2020, Ms. Knight was taken by EMS to Mercy Health Lorain Hospital where she was diagnosed with septic shock and died.

28. Ms. Knight's cause of death listed in her Certificate of Death is "septic shock with metabolic acidosis due to or as a consequence of urinary tract infection."

29. The care and treatment provided and not provided to Ms. Knight by Defendant's employees, including LCHD, Dr. Cornett, Dr. Casey, and/or other LCHD lower level providers, fell below the accepted standards of care and proximately caused Ms. Knight injury and an untimely death.

30. An Affidavit of Merit pursuant to Ohio Civil Rule 10(D) is attached hereto as Exhibit 1.

## FIRST CAUSE OF ACTION
**(Medical Malpractice Survivorship Action)**

31. Plaintiff incorporates all the foregoing allegations of this Complaint as if fully rewritten herein.

32. Defendant's employees, as set forth herein above, owed Ms. Knight a duty of reasonable medical care.

33. Defendant's employees, as set forth herein above, breached their duty(ies) and failed to meet the standard(s) of applicable medical care in their care and treatment of Ms. Knight, as set forth above.

34. As a direct and proximate result of the negligence of and failures to meet the applicable standard(s) of care by the Defendant's employees described herein, Ms. Knight, prior to her death, endured conscious pain and suffering of body and mind, was forced to incur medical expenses, and was otherwise damaged.

35. Defendant is vicariously liable for the acts and omissions by LCHD, Dr. Cornett, Dr. Casey, and all other LCHD employees and agents as described herein above and is otherwise vicariously liable for said acts and omissions as a matter of law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for Plaintiff's Decedent's conscious pain and suffering, and economic and non-economic damages incurred by Plaintiff's Decedent prior to her death, and all other relief this Court deems equitable.

### SECOND CAUSE OF ACTION
(Wrongful Death)

36. Plaintiff incorporates all the foregoing allegations of this Complaint as if fully rewritten herein.

37. The negligence of and breaches of the standard(s) of care by Defendant's employees and agents as described herein directly and proximately resulted in Ms. Knight's untimely death on October 24, 2020.

38. As a direct and proximate result of the negligence and breaches of the standard(s) of care described herein by the Defendant's employees and/or agents, Ms. Knight's Estate and next-of-kin have suffered the damages set forth in Ohio's wrongful death statutes, including, but not limited to, medical and funeral expenses, mental anguish and grief, loss of the Decedent's support, services, society and companionship, advice, guidance, counsel, instruction, and consortium.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in an amount that will fully and fairly compensate the Decedent's next-of-kin for their injuries, damages, and losses, and all damages recoverable under Ohio's wrongful death statutes and under common law.

Dated: August 11, 2022.

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*khulick@spanglaw.com*

***Counsel for Plaintiff***
